IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

RAYMOND SMITH                                                                                    PLAINTIFF

V.                              NO. 4:23-CV-00171-JTK

SOCIAL SECURITY ADMINISTRATION                                          DEFENDANT

## ORDER

### I. Introduction:

Plaintiff, Raymond Smith ("Smith"), applied for disability benefits and supplemental security income on February 21, 2020, alleging a disability onset date of January 16, 2019. (Tr. at 12). After conducting a hearing, an Administrative Law Judge ("ALJ") denied Smith's applications by written decision on May 13, 2022. (Tr. at 12-22). The Appeals Council declined to review the ALJ's decision. (Tr. at 1-5). The ALJ's decision now stands as the final decision of the Commissioner, and Smith has requested judicial review.

For the reasons stated below, the Court [1] affirms the decision of the Commissioner.

### II. The Commissioner's Decision:

---

[1] The parties have consented in writing to the jurisdiction of a United States Magistrate Judge.

Smith meets the insured status requirements of the Social Security Act through March 31, 2024. (Tr. at 14). The ALJ found that Smith had not engaged in substantial gainful activity since the alleged onset date of January 16, 2019.[2] *Id*. The ALJ found, at Step Two, that Smith had the following severe impairments: degenerative disc disease of the cervical spine and cervicogenic headaches. (Tr. at 15).

After finding that Smith's impairments did not meet or equal a listed impairment (Tr. at 16-17), the ALJ determined that Smith had the residual functional capacity ("RFC") to perform work at the light exertional level, with additional limitations: (1) no more than occasional crawling and climbing of ramps and/or stairs; (2) no climbing of ladders, ropes, or scaffolds; (3) no more than occasional overhead reaching; and (4) no more than frequent handling and fingering. (Tr. at 17).

At Step Four, the ALJ determined that Smith was unable to perform any past relevant work. (Tr. at 20). Utilizing the testimony of a Vocational Expert ("VE"),

---

[2] The ALJ followed the required five-step sequence to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)-(g), 416.920(a)-(g).

the ALJ next determined that, based on Smith's age, education, work experience, and RFC, he was able to perform a number of jobs in the national economy. (Tr. at 21). Therefore, the ALJ concluded that Smith was not disabled. *Id*.

### III. <u>Discussion</u>:

    A. Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); see also 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

In clarifying the "substantial evidence" standard applicable to review of administrative decisions, the Supreme Court has explained: "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . 'is more than a mere scintilla.'"

*Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 59 S. Ct. 206, 217 (1938)). "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*.

   B. Smith's Arguments on Appeal

Smith contends that the evidence supporting the ALJ's decision is less than substantial. He contends that: (1) carpal tunnel syndrome contributed to greater functional limitations; (2) light exertional work exceeded Smith's abilities: and (3) the ALJ improperly discounted a treating physician's opinion.

Smith suffered from cervical degenerative disc disease that caused neck pain and extremity pain, as well as headaches. His first claim is that symptoms of pain in his hands caused serious functional limitations. While the ALJ did limit Smith to frequent handling and fingering in the RFC, Smith thinks this was not sufficient.

Objective testing from 2018 showed that Smith had mild carpal tunnel syndrome and ulnar neuropathy. (Tr. at 630). Notably, this testing occurred almost a year before the beginning of the relevant time-period. Hand pain improved with steroid injections. *Id*. Smith demonstrated full strength and motor movement in his upper extremities in June 2019. (Tr. at 658-659). An updated nerve conduction test

in 2020 was normal.[3] (Tr. at 750-754). Smith's doctor noted that hand symptoms had "improved over time" and no further treatment was required.[4] (Tr. at 813, 823-824). Moreover, Smith was able to work at a donut shop during the relevant time-period, a job which required the use of his hands. (Tr. at 20).

Smith bore the burden of proving his disability, and the ALJ need only incorporate limitations into the RFC that he deems credible.[5] The record simply fails to justify further limitations related to hand conditions. The RFC section pertaining to handling and fingering sufficed.

Smith next contends that the RFC for light work did not fully incorporate his limitations.[6] MRIs of Smith's cervical spine from 2018 and 2020 did show moderate conditions which could explain pain and headaches. (Tr. at 18, 630, 652). But clinical exam in July 2020 showed normal gait and motor strength in his extremities. (Tr. at 19). Smith did not have radicular pain. (Tr. at 807). He treated

---

[3] Normal clinical findings may support an ALJ's decision to deny benefits. *Gowell v. Apfel*, 242 F.3d 793, 796 (8th Cir. 2001).

[4] Improvement in condition supports an ALJ's finding that a claimant is not disabled. See *Lochner v. Sullivan*, 968, F.2d 725, 728 (8th Cir. 1992).

[5] An ALJ is not required to include limitations in the RFC that are not supported by the evidence in the record. *McGeorge v. Barnhart*, 321 F.3d 766, 769 (8th Cir. 2003).

[6] A claimant's RFC represents the most he can do despite the combined effects of all of his credible limitations and must be based on all credible evidence. *McCoy v. Astrue*, 648 F.3d 605, 614 (8th Cir. 2011). In determining the claimant's RFC, the ALJ has a duty to establish, by competent medical evidence, the physical and mental activity that the claimant can perform in a work setting, after giving appropriate consideration to all of his impairments. *Ostronski v. Chater,* 94 F.3d 413, 418 (8th Cir. 1996).

conservatively with medication and steroid injections, which were helpful.[7] An occipital nerve block helped with pain and headaches. *Id*. Smith was able to work during the relevant time-period and perform some daily activities. (Tr. at 20, 283-286). The RFC for light work with additional restrictions was proper.

Finally, Smith asserts that the ALJ should not have discounted a medical source statement from Dr. Kevin Hiegel.[8] In the May 2020 statement, Dr. Hiegel wrote that due to headaches, Smith would miss one day of work per week. (Tr. at 710-711). The ALJ found this opinion was unpersuasive because of the good relief Smith experienced with injections. (Tr. at 20). A brain MRI was unremarkable. (Tr. at 824). The ALJ also noted Smith's work at the donut shop. (Tr. at 20). And the ALJ observed that Dr. Hiegel's report was based largely on subjective complaints. *Id*. Based on the foregoing, the Court concludes that the ALJ's decision to discount this medical opinion does not warrant reversal.

## IV. **Conclusion:**

---

[7] Impairments that are controllable or amenable to treatment do not support a finding of total disability. *Mittlestedt v. Apfel*, 204 F.3d 847, 852 (8th Cir. 2000).

[8] ALJs are required to analyze whether opinion evidence is persuasive, based on: (1) supportability; (2) consistency with the evidence; (3) relationship with the claimant [which includes; (i) length of treatment relationship; (ii) frequency of examinations; (iii) purpose of the treatment relationship; (iv) extent of the treatment relationship; and (v) examining relationship]; (4) provider specialization; and (5) any other important factors. See 20 C.F.R. § 404, 1520c(a)-(c)(2017). An opinion is more persuasive if it is consistent with and supported by the medical evidence as a whole. 20 C.F.R. § 416.920c(c)(1-2) (2017); *Bonnett v Kijakazi*, 859 Fed. Appx. 19 (8th Cir. 2021); *Grindley v. Kijakazi*, 9 F.4th 622, 630 (8th Cir. 2021) An ALJ must give good reasons for his findings about an opinion's persuasiveness. *Id*

There is substantial evidence to support the Commissioner's decision to deny benefits. The RFC incorporated all of Smith's credible limatioans and the ALJ did not err in how he handled Dr. Hiegel's opinion. The finding that Smith was not disabled within the meaning of the Social Security Act, therefore, must be, and hereby is AFFIRMED. Judgment will be entered for the Defendant.

IT IS SO ORDERED this 5th day of January, 2024.

_____
UNITED STATES MAGISTRATE JUDGE